## SAMUEL L. CLAYTON v. JOHN WILLIAMS.

Supreme Court. Kent. October, 1814.

*Clayton's Notebook, 32.*

*Ridgely,* for the defendant, proposed to examine J. C., one of the referees, to prove first, that the estate of Reynear Williams was insolvent; and secondly, that it was the intention of the parties that the judgment should bind a small piece of marsh, part of the intestate's estate; that it was not to affect the administrator himself, and that it was altogether a mistake of the arbitrators in not making out such an award as would have merely authorized the entry of a special judgment of assets.

*Hall,* for the plaintiff, objected to the admission of the testimony. It goes to prove matters which should have been insisted on in the original suits. If the judgment was erroneous, defendant ought to have taken measures to procure it to be vacated. [*Hall*] relied on *Wheatly v. Laun,* 1 Saund. 219c n. 8, 3 East 2.

JOHNS, C. J., thought this case distinguishable from those cited by Hall and was for admitting the testimony.

R. COOPER, J., thought this case not so strong as that cited from 3 East 2, and was for rejecting the testimony. DAVIS, J., same opinion.

So the testimony was rejected.

*Ridgely* prayed a bill of exceptions to the opinion of the Court.

NOTE. In this case the jury, not being able to agree upon a verdict, were discharged by consent by withdrawing one of the panel. (So that the point in this case may be said to have been determined that parol evidence cannot be admitted to prove that a general judgment against an administrator was entered by mistake, instead of a special judgment of assets, in an action of debt on that judgment suggesting a *devastavit.*)